AMERICAN MORTGAGE CO. OF SCOTLAND, Limited, v. O'HARRA et al.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

No. 51.

1. EQUITY—MISTAKE—BONA FIDE PURCHASERS—EVIDENCE.

A mortgage was by mistake executed as covering the northwest quarter of a certain section, which the mortgagors did not own, when it was intended to cover the southwest quarter, which they did own. When the mistake was brought to the knowledge of the parties, the agent who

had negotiated the loan procured a conveyance of the southwest section to himself, and he then conveyed to one R. The mortgagee filed a bill to correct the mistake, and to foreclose as to the southwest section, and made all the parties, including R., defendants. R. answered under oath that he had no notice of the alleged fraud; that his attorney had examined the title, and reported it clear; and that he paid a valuable consideration for the land. *Held,* that complainant must overcome the answer by the testimony of two witnesses, or of one witness and corroborating circumstances; and mere proof of suspicious circumstances in connection with the sale to R. will not entitle him to the relief sought.

2. SAME.

The fact that a subsequent grantee of R. had notice of the mistake would not avail to re-establish the mortgagee's equity against the land in such grantee's hands unless the latter was also shown to be a party to the original fraud.

Appeal from the Circuit Court of the United States for the District of Oregon.

In Equity. This was a suit by the American Mortgage Company of Scotland, Limited, against Erven O'Harra and others. There was a decree for defendants, and complainant appeals. Affirmed.

Zera Snow, for appellant.

Henry Ach, for appellees.

Before McKENNA, Circuit Judge, and HAWLEY and MORROW, District Judges.

MORROW, District Judge. This is a suit in equity, brought in the United States circuit court for the district of Oregon, December 16, 1885, to rectify a mistake in a mortgage executed by Erven O'Harra and Julia O'Harra to the American Mortgage Company of Scotland, April 21, 1883, to secure the payment of a note for the principal sum of $1,000, and four interest notes, aggregating $332.80, and for a decree of foreclosure and sale of the property intended to be mortgaged to pay the indebtedness due the mortgagee. The property intended to be mortgaged was land owned by the O'Harras near Pendleton, in Umatilla county, Or., described as the S. W. ¼ of section 2, in township 4 N., range 32 E. of the Willamette meridian, containing 160 acres. The land erroneously described in the mortgage was the N. W. ¼ of the same section, township, and range, which the mortgagors did not own, and which was so described by mistake. The author of the mistake is not disclosed, but neither of the parties to the mortgage knew of the error at the time of the execution of that instrument. One J. H. Cavanagh transacted the business between the parties as the agent or correspondent of the American Mortgage Company, and he appears to have acted also for the O'Harras. The defendant D. K. Smith, residing at Pendleton, the county seat of Umatilla county, Or., had something to do with the transaction as the manager of Cavanagh's business. The mistake in the mortgage was discovered some time after its execution by Wirt Minor, a lawyer, and E. W. Farrow, an abstractor, while they were engaged in examining the records of Umatilla county. Farrow informed Cavanagh of the mistake in the presence of Smith. Minor notified

O'Harra of the error, who said he would make it right. Minor also informed Smith of the mistake, under the impression that the latter was the agent of the mortgage company in the transaction. Smith stated that he would have the mistake corrected, but, instead of doing so, he took advantage of his information to secure a transfer of the land from the O'Harras to himself through negotiations carried on by the defendant Thompson, who was to take the land and assume the payment of the mortgage. The land was, however, conveyed directly to Smith, although O'Harra supposed he was making the conveyance to Thompson. The deed from the O'Harras to Smith was executed September 20, 1884, and recorded on the same day. Two days after, or on September 22, 1884, Smith conveyed the land to the defendant Thomas F. Rourke. The consideration named in the deed was $3,000. Rourke had this title when the present action was commenced by the complainant in December, 1885, against Erven O'Harra and Julia O'Harra, his wife, D. K. Smith, Thomas F. Rourke, and Lillian C. Rourke, his wife. June 18, 1887, the Rourkes conveyed the land to the defendant Christiana Cheeley, and on July 29, 1889, the complainant filed a supplemental bill, making Oliver Cheeley, Christiana Cheeley, and Thomas Thompson also parties defendants.

In all cases of mistake in written instruments courts of equity will interefere as between the original parties or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts; but as against bona fide purchasers for a valuable consideration without notice courts of equity will grant no relief, because they have at least an equal equity to the protection of the court. 1 Story, Eq. Jur. par. 165. The defendant D. K. Smith took the deed of September 20, 1884, from the O'Harras, with notice of the mistake in the mortgage, and knowing that it was intended by them to subject the land described in the deed to the payment of the mortgage; but the question here relates to the title of the land as it stood at the date of the commencement of this action, when it was held by Thomas F. Rourke. The bill charged that Rourke had notice of the mistake in the mortgage, and that the conveyance of the land to him by Smith was fraudulent, and made without value or consideration. The bill did not waive an answer under oath, and accordingly Rourke and his wife answered the allegation of the bill denying that they had notice or knowledge of the facts therein alleged. The answer further alleges that the defendant Rourke purchased the land in good faith and for a valuable consideration, and that prior to the execution and delivery of the deed by Smith to Rourke, and the payment of the purchase price, the defendant caused the records of conveyances and mortgages of Umatilla county to be examined by a competent attorney, and that no lien or incumbrance was found to exist upon the records against the land; and that, acting upon the faith of such examination and record, the defendant purchased the premises, and paid for the same, without any knowledge or notice of the existence of com-

plainant's mortgage, or alleged error therein, or alleged interest in or claim or lien upon the land. This answer was verified by the oath of the defendant Rourke, and was responsive to the allegations of the bill, and the rule of equity practice requires that such an answer must be overcome by the satisfactory evidence of two witnesses, or of one witness corroborated by circumstances which are equivalent in weight to another, before the complainant can be granted the relief prayed for in the bill. We fail to find such evidence in the record. There are some suspicious circumstances connected with the transaction,—such, for instance, as the conduct of the attorneys who examined the title and drew up the deed for Rourke; the contradiction between the allegations of the answer and the testimony of the defendant as to the amount paid for the land, and the sums for which two notes were given for deferred payments; the fact that Rourke had other business relations with Smith, and that the two were frequently seen together about the time Rourke purchased the land from Smith following closely after the transfer of the title by deed from O'Harra to Smith,—but these circumstances are not sufficient to overcome the positive evidence in favor of the integrity of the transaction so far as they relate to the title acquired by the defendant Rourke. Morrison v. Durr, 122 U. S. 518, 7 Sup. Ct. Rep. 1215.

In this view of the case it will not be necessary to determine whether the Cheeleys had notice of the mistake in the mortgage, or how far they are bound by the constructive notice arising out of the pendency of this action. It is sufficient for the present purpose to say that their grantors, being innocent purchasers for a valuable consideration, notice to the Cheeleys would not be available to re-establish complainant's equity as against the land in their hands, unless it was also shown that they were parties to the original fraud; and this has not been done. 1 Story, Eq. Jur. par. 409; 2 Pom. Eq. Jur. par. 754; Mills v. Smith, 8 Wall. 27–32; Commission v. Clark, 94 U. S. 278–286; Dorsey v. McFarland, 7 Cal. 342–346; Allison v. Hagan, 12 Nev. 38–55.

The decree is affirmed.